UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORNELIUS MAY,<br><br>    Plaintiff,<br><br>v.<br><br>KELLY SERVICES, INC., and<br>ARMSTRONG WORLD<br>INDUSTRIES, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW Plaintiff, Cornelius May ("Mr. May"), by and through counsel, Lloyd P. Mullen of Mullen and Associates, P.C., and for his Complaint against the Defendants, Kelly Services, Inc. ("Kelly Services), and Armstrong World Industries, Inc. ("Armstrong") alleges the following:

### Introduction

1. This is an action brought against the Defendants pursuant to 42 U.S.C § 1981 and Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, *et seq.*) for race discrimination.

### Jurisdiction

2. The Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 2000e-(5).

### Venue

3. The unlawful employment actions described below were committed in the State of

Illinois at Defendant Armstrong's, Bourbonnais, Illinois location. Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division under 28 U.S.C. § 1391(b).

## Administrative Exhaustion

4. On April 3, 2015 the Plaintiff filed a Charge of Discrimination against both Defendants with the United States Equal Employment Opportunity Commission in the Chicago District Office and with the Illinois Department of Human Rights against the Defendants for race discrimination in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, *et seq.*).

5. On April 30, 2015 two Notice of Right to Sue letters were issued to Plaintiff by the United States Equal Employment Opportunity Commission's Chicago District Office. (see attached Exhibit A and B)

## Parties

6. Mr. May is a 34-year-old African-American male who was formerly employed by the Defendants.

7. Kelly Services is a an employment agency and recruitment company doing business in and throughout the state of Illinois including but not limited to the Northern District of Illinois, Eastern division.

8. Armstrong is a manufacture of ceiling and floor tiles, and has a plant in Bourbonnais, Illinois which is in the Northern District of Illinois, Eastern Division.

## General Allegations

9. Mr. May started working for the Defendants out of Armstrong's Bourbonnais, Illinois facility on October 13, 2014.

10. From the day he started, Mr. May was treated like a second-class citizen because of his race. Mr. May was shuffled from job to job without explanation.

11. Mr. May's position with the Defendants was continually changing.

12. On his first day he reported to a white supervisor, Michele Hoekstra. Hoekstra said she didn't know why he was sent there and "I have no place for you". Hoekstra then sent Mr. May to an African-American packaging supervisor.

13. Mr. May was told by a Caucasian co-employee that Armstrong was not the right place for him to be a couple of times. The Caucasian co-employee also asked him why he would want to be there.

14. On one occasion, as Mr. May was walking into a room, Gary Martin of Armstrong walked out and said to him "No blacks allowed in this room", in front of a room full of people.

15. Everyone in the room began laughing at Mr. May who was humiliated.

16. Mr. Martin later called him a "Nigger."

17. Upon information and belief, Mr. Martin was discharged over the incident.

18. Unfortunately, that was not the end of it. Armstrong purportedly called Mr. May in to investigate the incident. However, after the so-called investigation was done, Armstrong told Kelly Services not to send Mr. May back.

19. Kelly Services complied with Armstrong's request even though it knew that the actions were unfair. Shortly thereafter, Kelly Services terminated Mr. May.

20. The Defendants engaged in racial discrimination with respect to assignments and placement of its employees.

21. Mr. May was treated disparately compared to other similarly situated, non-minority employees when the Defendants made work assignments.

22. Non-minority employees were allowed to take lengthy breaks without consequences.

23. Mr. May was subjected to a racially hostile working environment by, in addition to the disparate treatment mentioned above, he was subjected to inappropriate and hurtful racial stereotypes. For example, several weeks into Mr. May's employment, a gentleman by the name of Gary Martin walked out of the inspection room and told him, "No Blacks allowed in this room" and later called him a "Nigger".

### First Cause of Action (For Violations of 42 U.S.C. § 1981)

24. Plaintiff incorporates paragraphs 1 through 23 herein by reference.

25. Mr. May is an African-American protected from racial discrimination by 42 U.S.C. § 1981.

26. Mr. May received disparate treatment compared to other similarly situated, non-minority employees in work assignments and when he received his HR meeting and his eventual termination.

27. The meeting with the HR Department and termination of Mr. May's employment

were not justified under the stated reasons provided by the Defendants or otherwise justified by Mr. May's work performance. Other non-minority employees were not disciplined for similar offenses.

28. The stated reasons for the meeting and termination of Mr. May's employment were pretexts for discrimination.

29. Mr. May was performing his job satisfactorily during the time period relevant to this Complaint.

30. Mr. May's employment was terminated by the Defendants because of his race.

31. Defendants' actions and omissions violated Plaintiff's rights secured by 42 U.S.C. § 1981.

## Second Cause of Action(For Violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, *et seq.*)

32. Paragraphs 1 through 31 are incorporated herein.

33. Plaintiff has exhausted all administrative filing requirements of 42 U.S.C. §§ 2000e.

34. By the foregoing acts Defendants violated Title VII by discriminating against Mr. May because of his race in the terms, conditions and privileges of his employment.

35. Defendants' actions were with malice and reckless disregard for Plaintiff's federally protected civil rights.

### Prayer for Relief

WHEREFORE, Plaintiff prays for the following relief:

a.     Backpay;

b. Front pay in lieu of reinstatement;

c. Nonpecuniary and compensatory damages, including damages for humiliation, emotional distress and consequential damages;

d. Punitive damages;

e. Pre- and post-judgment interest at the highest rate allowed by law;

f. Costs and reasonable attorneys fees; and

g. All other legal or equitable relief to which Plaintiff is entitled.

Respectfully Submitted,

MULLEN & ASSOCIATES, P.C.

_____
Lloyd P. Mullen, #6201670
Attorney for Plaintiff
113 W. Joliet Street
Crown Point, IN 46307
(219) 661-1529

## Jury Demand

Plaintiff request this matter be tried by a jury.

_____
Lloyd P. Mullen, #6201670
113 W. Joliet Street
Crown Point, IN 46307
(219) 661-1529